IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| TURAN BEAMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-04586 |
| | ) | |
| SMGM, LLC, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

**COUNT I –**
**Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991**

The Plaintiff TURAN BEAMON (hereinafter referred to as "BEAMON") and for his amended complaint against the Defendant SMGM, LLC (hereinafter referred to as "SMGM") states:

1. This action is brought for damages sustained by BEAMON by reason of SMGM's violation of BEAMON's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, BEAMON was and is a citizen of the United States and is a resident of the Northern District of Illinois and is African American.

3. At all times relevant hereto SMGM was and is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 14111 Scottslawn Road, Marysville, Ohio 43041.

1

4. At all times relevant hereto, SMGM was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 USC §1343 and §1331.

6. Venue is appropriate in this Court pursuant to 28 USC §1391 since the complained of conduct occurred in this District.

7. On November 18, 2018, BEAMON was hired by SMGM to the position of Fleet Supervisor.

8. Up through February, 2020, BEAMON received favorable reviews and accolades concerning his work from his superiors at SMGM.

9. At all times relevant hereto, it was the policy of SMGM not to discriminate against an employee on the basis of his or her race.

10. Nevertheless, commencing in or about mid-February, 2020, BEAMON was discriminated against because of his race, namely, being African American.

11. At all times relevant hereto, Scotts knew that BEAMON was African American.

12. In mid-February, 2020, BEAMON received a text message about a work assignment from Mr. Bradford, a fleet driver, indicating that he did not have time to complete an assignment of taking a loaded trailer from 1601 Remington to 1501 Remington.

13. BEAMON never threatened this individual, but told him that he, BEAMON, was going to get killed, in a figurative sense, if the delivery was not done.

14. Because Mr. Bradford could not do the job, BEAMON had to assign a different driver to do the job the following morning.

15. On February 13, 2020, BEAMON sent Mr. Bradford a text message in which BEAMON gave him another assignment to take another loaded trailer from 1601 Remington to 1501 Remington.

16. Mr. Bradford indicated that he could do the job, but he would have to use his emergency sixteen hour rule to complete the task.

17. Mr. Bradford's representation of using the emergency sixteen hour rule was false.

18. Accordingly, BEAMON responded to him that he needed the job done, the sixteen hour rule was only used for emergencies by the federal government and the current situation was not an emergency.

19. Mr. Bradford completed the task but, nevertheless, put in for the sixteen hour rule.

20. In mid-March, 2020, BEAMON gave Mr. Bradford an assignment for a delivery that was to start at 6:00 a.m.

21. Mr. Bradford did not like the assignment, complained to BEAMON that it was not a good assignment and that he wanted BEAMON to change it.

22. BEAMON told him that he was not going to change it and there was nothing wrong with the assignment.

23. Mr. Bradford indicated that he was going to go to Human Resources and complain that BEAMON threatened his life which BEAMON did not.

24. On April 7, 2020, BEAMON had a conference with Jeff, Fleet Director, and Kyle from Human Resources, both Caucasian.

25. Jeff advised BEAMON that he was terminated effective immediately because he had threatened Mr. Bradford.

26. BEAMON told him that such information was inaccurate and that he never threatened Mr. Bradford.

27. The claimed reason given by SMGM for BEAMON's termination was nothing more than a pretext for the race discrimination that SMGM exhibited against him especially since BEAMON had never been disciplined before and no meeting was ever held to discuss the incident.

28. Accordingly, BEAMON did not engage in any conduct whatsoever that would warrant his termination from SMGM.

29. On June 3, 2020, the Equal Employment Opportunity Commission received BEAMON's charge of discrimination.

30. Pursuant to BEAMON's request, on July 20, 2021, the Equal Employment Opportunity Commission issued him a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

31. Less than ninety days have expired since BEAMON's receipt of this notice of right to sue.

32. SMGM's violation of BEAMON's civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused BEAMON pecuniary damages.

4

WHEREFORE the Plaintiff TURAN BEAMON requests that this Court enter judgment in his favor and against the Defendant SMGM, LLC as follows:

    a. Enjoining SMGM from engaging in such unlawful employment practices as alleged in this complaint.

    b. Requiring SMGM to reinstate BEAMON to his position at SMGM at the rate of pay comparable to what he would have been receiving if not for the civil rights violations committed against him by SMGM.

    c. Making BEAMON whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by SMGM.

    d. Alternatively, in the event SMGM is unwilling to reinstate BEAMON, BEAMON should be awarded front pay.

    e. Awarding BEAMON compensatory and punitive damages in amounts to be determined at trial.

    f. Awarding BEAMON attorney's fees, costs and prejudgment interest.

    g. Awarding BEAMON such other and further relief as this Court may deem appropriate.

THE PLAINTIFF REQUESTS TRIAL BY JURY.

Respectfully submitted,

/s/Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite510
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
TURAN BEAMON